UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

STEPHEN THOMPSON,

    Plaintiff,

v.

SANPIK, INC.,

    Defendant.
_____/

## C O M P L A I N T

Plaintiff, STEPHEN THOMPSON, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendant, SANPIK, INC., and alleges as follows:

1. Plaintiff brings this action against Defendant for race discrimination in violation of the Civil Rights Act of 1866.

2. Jurisdiction is conferred on this Court by the above Act and 28 U.S.C. §§1331 and 1343.

3. The unlawful acts alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, SANPIK, INC. was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

### COUNT I: RACE DISCRIMINATION VIOLATION OF §1981

6. Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 6 above and states as follows:

7. 42 U.S.C. §1981(a) provides: "All persons within the jurisdiction of the United States shall have the same right … to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…"

8. 42 U.S.C. §1981(b) provides: "For purposes of this section, the term 'make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

9. Plaintiff is African-St. Lucian (black).

10. Plaintiff had an employment contract with Defendant.

11. Plaintiff was an employee of Defendant.

12. Plaintiff was paid $15.00 per hour by Defendant.

13. Plaintiff was employed by Defendant as a general laborer, heavy equipment operator and technician.

14. Plaintiff began his employment with Defendant on or about November 7, 2017.

15. Plaintiff was qualified for the position(s) he held with Defendant.

16. Plaintiff was terminated by Defendant because of his race.

17. Plaintiff's manager (white) believed he was superior to Plaintiff.

18. Plaintiff's co-workers believed they were superior to Plaintiff.

19. Plaintiff was harassed by white co-workers and managers.

20. Plaintiff's white manager use the "N" word.

21. Plaintiff's co-workers used the "N" word.

22. Plaintiff was struck in the head by a white co-worker. Defendant fostered an environment where it was acceptable to use the "N" word and harass, discriminate and physically strike Plaintiff because he is black.

23. Plaintiff's manager was not disciplined for using the "N" word. Plaintiff's managers and co-workers were not disciplined for harassing and discriminating against Plaintiff.

24. Plaintiff's co-worker was not disciplined for physically striking Plaintiff.

25. Other employees, including white employees, were disciplined by means other than termination, but Plaintiff was terminated.

26. When Plaintiff was fired, his manager told him he was lucky to ever have a job in this country. Plaintiff's manager told him he should go back to where he came from (meaning Africa and/or St. Lucia).

27. Defendant has used Plaintiff's alleged misconduct as a pretext for discrimination against Plaintiff because of his race.

28. The above actions affecting the terms and conditions of Plaintiff's employment were taken against Plaintiff because of his race.

29. As a direct and proximate result of Defendant's unlawful and retaliatory treatment of Plaintiff, Plaintiff suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to: damage to reputation and self-esteem; loss of past and future income; loss of past and future earning capacity; loss of other fringe benefits; stress, anxiety and emotional distress; significant past and future mental pain and suffering; and other financial losses.

30. Plaintiff has retained the undersigned counsel for purposes of this action and is entitled to an award of reasonable attorney's fees and costs related to this litigation.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring that the acts and practices complained of herein are in violation of §1981;

b. Awarding back pay, front pay, prejudgment interest, post judgment interest and damages for all employment benefits Plaintiff would have received but for the discriminatory acts and practices of Defendant;

c. Awarding Plaintiff compensatory, consequential and punitive damages;

d. Awarding reasonable attorney's fees, expenses and costs incurred in this action;

e. Awarding Plaintiff all other sums of money, including all employment benefits with interest thereon, to which Plaintiff is entitled; and

f. Ordering any other relief, including equitable, this Court deems to be just and proper.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all unpaid wages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

_____
STEPHEN THOMPSON, as Plaintiff

Aug. 12/2020
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:     /s/Todd W. Shulby, Esq.
        Todd W. Shulby, Esq.
        Florida Bar No.: 068365